UNITED STATES of America,
Appellant,

v.

Howeth M. MILLS and Crawford Mills, as individuals, and Howeth M. Mills and Crawford Mills, d/b/a Mills Dairy Products Company, a co-partnership, Appellees.

UNITED STATES of America,
Appellant,

v.

WILLOW FARMS DAIRY, INC.,
Appellee.

UNITED STATES of America,
Appellant,

v.

Brice G. TWILLEY, individually, and Brice G. Twilley, d/b/a Twilley's City Dairy, Appellee.

UNITED STATES of America,
Appellant,

v.

Nesbit C. MURPHY, individually, and Nesbit C. Murphy, d/b/a Shiloh Dairy Farms, Appellee.

Howeth M. MILLS, and Crawford Mills, individually and as co-partners, d/b/a Mills Dairy Products Company, a co-partnership, Nesbit C. Murphy, an individual d/b/a Shiloh Dairy Farms, and Brice G. Twilley, an individual d/b/a Twilley's City Dairy, Appellees,

v.

Orville L. FREEMAN, Secretary of Agriculture, Appellant.

WILLOW FARMS DAIRY, INC., and Kenneth Barrick, et al., intervening plaintiffs, Appellees,

v.

Orville L. FREEMAN, Secretary of Agriculture, Appellant.

UNITED STATES of America, Appellant and Cross-Appellee,

v.

ROYAL FARMS DAIRY, INC., Wilton Farm Dairy, Inc., and W. S. Hebb and Lorraine D. Hebb, co-partners, d/b/a Aristocrat Dairy, Appellees and Cross-Appellants.

Nos. 8774–8779, 8849.

United States Court of Appeals
Fourth Circuit.

April 26, 1963.

Joseph D. Tydings, U. S. Atty., Daniel F. McMullen, Jr., Asst. U. S. Atty., Baltimore, Md., Alan S. Rosenthal, Richard S. Salzman, Attys., Civil Div., Dept. of Justice, Irwin Goldbloom, Washington, D. C., for the United States and Orville L. Freeman.

Ben Ivan Melnicoff, James K. Knudson, Washington, D. C., Robert F. Skutch, Jr., John J. Ghingher, Jr., Robert D. Klages, Baltimore, Md., for Howeth M. Mills and others.

Charles G. Page, Baltimore, Md., for Willow Farms Dairy Inc., and others.

Ben Ivan Melnicoff, James K. Knudson, Washington, D. C., Robert F. Skutch, Jr., Baltimore, Md., for Brice G. Twilley and Nesbit C. Murphy.

Nathan Patz, Baltimore, Md., for Royal Farms Dairy, Inc.

Richard F. Cadigan, Baltimore, Md., for Wilton Farm Dairy, Inc.

Z. Townsend Parks, Jr., H. Emslie Parks, Baltimore, Md., for W. S. Hebb and others.

J. Cookman Boyd, Jr., Baltimore, Md., Harlan H. Huntley, Philadelphia, Pa., for amicus curiae.

Before SOBELOFF, Chief Judge, and BRYAN, Circuit Judge.

PER CURIAM.

In cases Nos. 8779 and 8775, in which Willow Farms Dairy, Inc. and certain intervening producers were the appellees, a petition has been filed by them for a rehearing by the Court en banc or, in the alternative, before the division of the Court which heard the appeal. By an order heretofore entered the request for an en banc court has been denied. However, the original panel has now considered the petition and finds no ground for granting it.

While Willow Farms with its intervenors did request that the appeals in their cases be heard separately and apart from those in the companion suits, we concluded that it was advisable to hear all of them at one time, very much as the District Court had done, affording respective counsel for each of the several appellees an opportunity to be heard. Some common questions ran through all the actions and we believed that a joint presentation would more fully develop the points not only for the Court but for the benefit of every party. At all events, in the consideration of the record, briefs and oral arguments the Court was cognizant of such differences in the circumstances and conditions as existed as to some of the parties and weighed their contentions with that in mind.

■ Reference to the opinion of the Court will disclose that it discussed in detail the point now reiterated on the present petition in respect to parity price. To repeat, no *finding* of fact was made of this item by the Secretary of Agriculture. He made only an *ascertainment* by reference to certain official Government data of which he must under the statute take notice. Consequently, the testimony of the Secretary quoted in the petition is not to the contrary: that he did not "base any of [his] *findings* of fact * * * upon evidence or exhibits which were not a part of the hearing record".

Again, the petitioners are mistaken in their implication that the Court did not accord them legal standing to raise the points discussed in part IV of the opinion. It shows that these contentions were decided notwithstanding the Court had some doubt of the locus standi of the appellees to raise them.

■ On the last ground of the petition, only two judges heard the appeal because the third judge who was assigned to the case and had theretofore participated in one of the preliminary hearings—Judge Soper—was ill on the day of argument. He did not take part in the subsequent conferences on the case and died before its decision.

■ In other papers the present petitioners have asked the Court to stay its mandate and execution of its order herein until they have the opportunity of presenting a petition for certiorari to the United States Supreme Court. This sus-

pension has been opposed by the United States both in its answer to the motion of these appellees as well as on its own motions for immediate release of the mandate and enforcement of the Milk Order as upheld in the opinion. The stay, we think, should be granted. Willow Farms from the inception of the Milk Order has punctually deposited into the registry of the trial court all moneys payable under the Milk Order. While consideration has been given to the view earnestly urged by the Government in respect to the injurious results of such a stay, in our judgment these appellees should be allowed to stay, with the understanding, of course, that Willow Farms will continue to make the requisite payments into the registry of the District Court. In view of the stipulation previously made between the Government and Wilton Farm Dairy, Inc.—that the latter would abide the decision of the present controversy on the appeal of Willow Farms—the same stay will be awarded Wilton in case No. 8849, and on the same terms, as here permitted Willow Farms.

On the other hand, we do not now grant the motion of Mills et al., appellees in cases Nos. 8774 and 8778, for a similar stay because, since the issuance of the Milk Order, they have never set aside from their gross receipts any moneys to meet their obligations thereunder, or otherwise indicated a good faith intention to comply therewith, subject to the decision of the courts on the validity of the Order. Contempt proceedings in this Court were necessary to enforce payments for January and February, 1963 even into the registry of the District Court pendente lite. Moreover, the March assessment is currently overdue. To allow Mills, et al. to continue in disregard and default of the Milk Order would, we think, defeat the policy of the Agricultural Marketing Agreement Act, 7 U.S.C. §§ 601, 608c

(15) (B), to the effect that proceedings testing the validity of a milk order should not delay the relief envisioned by the Act. Of course, any stay whatsoever will have this result in some degree, but whenever granting a stay in this litigation we have balanced the equities between the handler and the producer, and where they are found to favor the handler without undue injury to the producer, we have impinged upon the policy of the Act in order to prevent apparently irretrievable harm to the handler pending appeal. This entrenchment upon the policy is minimized by insisting upon continuance of the payments although they are put into the registry of the District Court. When, however, the handler makes no effort to meet the policy of the Act, as have Mills, et al., and thus to entirely thwart it, we do not feel justified in granting a stay which would abet the intransigent handler.

Nevertheless, if within 10 days of the entry of the order accompanying this opinion, appellees Mills et al. pay into the registry of the District Court all the sums accrued and payable by them under the Milk Order from its effective date until the present time, the Court on proof thereof will grant them a stay of its mandate and order to the same extent it has been allowed to appellees Willow Farms et al.

In No. 8849, appellee Aristocrat Dairy moves to deny the Government's motion for an immediate mandate and enforcement of our order and itself moves for a stay of the order. This appellee has made the required milk payments into the registry of the District Court save for the month of March, 1963. Upon meeting this current obligation, Aristocrat's motion will be granted upon the same terms and conditions as have heretofore been allowed in the instance of Willow Farms.

Order in accordance with foregoing opinion.